STATE OF NORTH CAROLINA v. RILEY C. HOOD

No. 744SC677

(Filed 4 December 1974)

**Automobiles § 131— hit and run accident — sufficiency of evidence**

In a prosecution of defendant for failing to stop at the scene of an accident resulting in personal injury or death and being the driver of a vehicle involved in such an accident and failing to give his name and address and failing to render assistance to the injured person, evidence was sufficient to be submitted to the jury where it consisted primarily of testimony by a passenger in defendant's vehicle that defendant was operating his truck at 70 to 75 mph when he rounded a curve and saw deceased lying in the highway, defendant swerved to avoid deceased but the right front wheel ran over his head, defendant would not stop his truck and would not report the accident, and the victim died as a result of injury sustained in the accident.

APPEAL by defendant from *Cowper, Judge,* 11 March 1974 Session of Superior Court held in JONES County.

The defendant was indicted in a single bill of indictment upon two counts: (1) failing to stop immediately his motor vehicle at the scene of an accident resulting in personal injury or death and in which he was involved, and (2) being the driver of a motor vehicle involved in an accident resulting in personal injury or death, failing to give his name, address, operator's license and registration number, and failing to render assistance to the person injured. Defendant pleaded not guilty to both counts. The jury found him guilty on the first count and not guilty on the second count. From judgment imposing prison sentence of two years, he appeals.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Raymond W. Dew, Jr., for the State.*

*Ernest C. Richardson III, and Beaman, Kellum and Mills, by Norman Kellum, for the defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error brought forward in his brief is that the court erred in failing to allow his motion for nonsuit at the close of all the evidence.

The evidence, consisting primarily of the testimony of James Taylor, a passenger in defendant's vehicle at the time

of the accident, tended to show: On the night of 3 October 1973, defendant and Taylor transported a Marine from James City to the Jacksonville bus station for $25.00. Taylor drove to Jacksonville and part of the way back to James City but defendant took over the driving when the truck started sputtering. At approximately 4:00 a.m., defendant, who was drinking beer, was driving 70 to 75 m.p.h. on Brice's Creek Road near the Craven-Jones County line. As they rounded a sharp curve, Taylor saw what appeared to be a limb in the road but as they got closer he realized it was a man and yelled, "Riley (defendant), it's a man." The victim was lying in the right-hand lane with his head about two feet from the center line; he turned his head and looked straight at the truck as it approached. Defendant swerved the truck to the left to avoid hitting the man but the right front wheel of the truck ran over his head. Taylor asked defendant if he was going to stop. Defendant slowed down but did not stop, stating that he was already on probation and that if they caught him for driving without a license or driving drunk, he would be sent up. Taylor told defendant that if he was not going to stop, to at least go back to the service station and call the highway patrol and let them know so that they could help the man. Defendant asked Taylor if he was sure that it was a man that they had run over and Taylor replied that it was. They went to a service station in James City and defendant tried to call a lawyer but did not call the police. The victim's head was crushed and he died as a result of said injury. Two days later Taylor went to the Craven County Sheriff's Department and reported the accident and what had happened.

We hold that the evidence was sufficient to survive the motion for nonsuit.

No error.

Judges HEDRICK and MARTIN concur.